UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
------------------------------------------------------------
                                                :

UNITED STATES OF AMERICA      :
                                                :     CASE NO. 4:06-CR-533
          Plaintiff/Respondent      :               4:08-CV-996
                                                :
vs.                                          :     OPINION & ORDER
                                               :     [Resolving Doc. Nos. 1, 68, 78 & 82.]
EDWARD TARVER                 :
                                               :
          Defendant/Petitioner.       :
                                               :
------------------------------------------------------------

JAMES S. GWIN, UNITED STATES DISTRICT JUDGE:

        On April 17, 2008, Defendant Edward Tarver filed a motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255. [Doc. 1, 68.] With his motion, Tarver seeks to vacate, set aside, or correct the sentence imposed by the United States District Court for the Northern District of Ohio following Tarver's plea of guilty to eleven counts of trafficking cocaine base in violation of 21 U.S.C. § 841(a)(1), (b)(1)(B), and (b)(1)(C), two counts of possession of a sawed-off shotgun in violation of 26 U.S.C. § 5861(d), and one count of possession of a firearm in relation to a drug trafficking crime in violation of 18 U.S.C. § 924(c)(1). [*Id.*]

        In support of the § 2255 motion, Tarver alleged that his counsel was ineffective because he (1) "failed to learn the facts and familiarize himself with the law in relation to [s]entencing [m]anipulation and [s]entencing [e]ntrapment;" (2) "failed to object to gun charges and failed to learn the surrounding facts and the law relating to [§] 924(c)(1);" (3) "failed to investigate charges, willingly accepted [sic];" and (4) "failed to give [a] consultation of the elements of the § 924(c)(1)

Case No. 4:06-CR-533; 4:08-CV-996
Gwin, J.

charge to [the Defendant], leaving the [Defendant] unfamiliar with such charge[] during the entire proceedings of the case[,] and advised [the Defendant] to take a plea agreement where [a] strong possible prevailing defense exist[ed] for both[] the § 924(c)(1) charge[,] as well as the excessive accumulating drug amount." [*Id.*] The United States opposed Tarver's motion. [Doc. 78.]

On December 16, 2008, Magistrate Judge George J. Limbert filed a Report and Recommendation that recommended the Court deny Defendant Tarver's § 2255 motion in its entirety, with prejudice. [Doc. 82.] The Magistrate Judge found that Tarver had not met his burden of demonstrating that his counsel was ineffective under the *Strickland v. Washington* standard because he had "made absolutely no showing of deficient performance or prejudice." [*Id.* at 7.] Tarver filed a motion asking for an extension of time to object to Magistrate Judge Limbert's Report and Recommendation, [Doc. 83], and the Court granted this motion, requiring Tarver to file his objections by February 28, 2009, [Doc. 84.] Tarver did not file any objection within the extended time. The Court **ADOPTS** Magistrate Judge Limbert's Report and Recommendation.

The Federal Magistrates Act requires a district court to conduct a *de novo* review only of those portions of a Report and Recommendation to which the parties have made an objection. 28 U.S.C. § 636(b)(1)(C). Parties must file any objections to a Report and Recommendation within ten days of service. *Id.* Failure to object within this time waives a party's right to appeal the magistrate judge's recommendation. FED. R. CIV. P. 72(a); *see also Thomas v. Arn*, 474 U.S. 140, 145 (1985); *United States v. Walters*, 638 F.2d 947, 949-50 (6th Cir. 1981). Absent objection, a district court may adopt the magistrate's report without review. *See Thomas*, 474 U.S. at 149. Moreover, having conducted its own review of the parties' briefs on the issue, the Court agrees with the conclusions of the Magistrate Judge.

Case No. 4:06-CR-533; 4:08-CV-996
Gwin, J.

Accordingly, the Court adopts in whole Magistrate Judge Limbert's findings of fact and conclusions of law and incorporates them fully herein by reference. The Court thus **DENIES** Defendant Tarver's § 2255 motion. Further, the Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith, and no basis exists upon which to issue a certificate of appealability. 28 U.S.C. § 2253(c); Fed. R. App. 22(b).

IT IS SO ORDERED.


Dated: March 3, 2009                    s/      *James S. Gwin*
                                        JAMES S. GWIN
                                        UNITED   STATES   DISTRICT   JUDGE